**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

ADENKU AZANEW MALEFIYA            DOCKET NO. 3:26-CV-01400

VERSUS                              JUDGE S. MAURICE HICKS, JR.

ICE                                   MAGISTRATE JUDGE LEBLANC

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Adenku Azanew Malefiya on April 30, 2026.  Doc. 1.  At the time of filing, Malefiya was detained at the Richwood Correctional Center in Monroe, Louisiana.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

On June 10, 2026, the Government filed a Notice of Removal stating that while the matter was pending, Petitioner was removed to the third country of Cameroon on or about April 28, 2026. Doc. 11.  Therefore, his petition is moot and should be dismissed. *See, e.g., Oguntuyi v. Manuel,* No. 2:24-CV-1069, 2025 WL 2399184, at *2 (W.D. La. July 21, 2025), *report and recommendation adopted*, No. 2:24- CV-1069, 2025 WL 2398645 (W.D. La. Aug. 18, 2025) ("Here, Petitioner challenged the lawfulness of his continued detention. Because Petitioner is no longer detained and has been removed from the United States, the § 2241 petition is moot."); *Francis v. Lynch*, 622 F. App'x 455, 455-56 (5th Cir. 2015) (challenge to length of detention awaiting removal became moot when the petitioner was removed); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (same). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing North Carolina v. Rice, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 15th day of June, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE